**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

IRINA ATNADJA
and PETER ATNADJA,

    Plaintiffs,                                    Case No. 10-15067
                                                              Hon. Gerald E. Rosen

-vs-

SCOTTSDALE INSURANCE COMPANY,

    Defendant.
_____/

**OPINION AND ORDER GRANTING**
**PLAINTIFFS' MOTION FOR REMAND**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     February 25, 2011

PRESENT:    Honorable Gerald E. Rosen
                          Chief Judge, United States District Court

## I. INTRODUCTION

Plaintiffs Irina and Peter Atnadja commenced this action in state court on November 15, 2010, seeking to recover on their claim under a property insurance policy issued by Defendant Scottsdale Insurance Company. In their three-count complaint, Plaintiffs have asserted claims of breach of contract and violation of the Michigan Uniform Trade Practices Act ("MUTPA"), Mich. Comp. Laws § 500.2001 *et seq.,* and they also seek a declaration of their rights under the insurance policy. Defendant removed the action to this Court on December 22, 2010, citing diversity of citizenship as the basis for removal. *See* 28 U.S.C. §§ 1441(a), 1332(a).

Through the present motion filed on December 28, 2010, Plaintiffs now seek remand of this case to state court, contending that the amount in controversy does not exceed the

jurisdictional threshold of $75,000 because Plaintiffs' recovery under their insurance policy necessarily is confined to the policy's liability limitations of $66,000. Defendant filed a response in opposition to this motion on January 11, 2011, noting that Plaintiffs' complaint contains three counts with claims for damages and statutory penalties that, in Defendant's view, could easily surpass the $75,000 statutory threshold for diversity jurisdiction. On February 9, 2011, Plaintiffs filed a reply in further support of their motion.

Having reviewed the parties' briefs in support of and opposition to Plaintiffs' motion, the Court finds that the relevant facts, allegations, and legal arguments are adequately presented in these written submissions, and that oral argument would not aid the decisional process. Accordingly, the Court will decide Plaintiffs' motion "on the briefs." *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. For the reasons stated below, the Court finds that this case must be remanded to state court for lack of the requisite $75,000 amount in controversy.

## II. FACTUAL BACKGROUND

Plaintiffs Irina and Peter Atnadja have an insurable interest in property located at 5711 Cabot in Detroit, Michigan. Plaintiffs' property on Cabot was insured by Defendant Scottsdale Insurance Company under Policy No. DFS0923389. In June of 2010, while the insurance policy was in force, Plaintiffs suffered a fire loss at the insured location. According to the complaint, Plaintiffs made a proper claim for coverage arising from this loss and otherwise complied with the terms of the policy, but Defendant failed to conduct a proper investigation and refused to pay the claim.

On September 22, 2010, Plaintiffs provided a "Sworn Statement in Proof of Loss" to Defendant, outlining the amount of loss due to the fire and the amount they sought to recover

under the policy. (*See* Plaintiffs' Motion, Ex. A.) This document identified the "Actual Cash Value" of the property as $74,951.62, and stated that the property had sustained $74,951.63 in damage. This sworn statement further acknowledged, however, that the total amount of insurance available under the policy was $60,000 for the building and $6,000 for lost rental value.[1] Thus, Plaintiffs' sworn statement sought a recovery of $66,000 under the policy.

On November 15, 2010, Plaintiffs commenced this action in state court, alleging that despite Plaintiffs' substantial performance of all requirements under the policy, Defendant failed to properly respond to Plaintiffs' claim and refused to pay for the loss incurred at the insured location. In their complaint, Plaintiffs identify their damages as including the full value of their loss, determined by reference to replacement cost value, as well as ongoing additional living expenses, consequential damages, and interest under the MUTPA. Defendant subsequently removed the action to this Court, and Plaintiffs filed the current motion for remand.

### III.  ANALYSIS

In cases where a plaintiff seeks to recover an unspecified amount of damages, a defendant seeking removal of the case to federal court on diversity grounds must establish that it is "more likely than not" that the amount in controversy exceeds the statutory threshold of $75,000. *See Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006); *Garza v. Bettcher Industries*, 752 F. Supp. 754, 763 (E.D. Mich. 1990). Courts determine the amount in controversy at the time of removal. *Everett*, 460 F.3d at 822. Therefore, it is Defendant's burden in this case to establish that the amount in controversy "more likely than not" exceeds $75,000.

---

[1] The sworn statement indicated that the property was used as a rental dwelling, and not as Plaintiffs' residence.

The Court finds that Defendant has failed to meet this burden, where there is no legal basis for Plaintiffs to recover the entirety of the damages identified in their complaint. It has long been established that a district court lacks diversity jurisdiction if it is legally impossible for the plaintiff to recover damages that satisfy the amount in controversy requirement. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938); *Charvat v. GVN Michigan, Inc.*, 561 F.3d 623, 628 (6th Cir. 2009). "Generally, the amount claimed by the plaintiff in the complaint rules" in making this inquiry, but a plaintiff's statement of his damages does not control "if the amount alleged in the complaint was never recoverable in the first instance." *Charvat,* 561 F.3d at 628.

In this case, the coverage limits in the insurance policy for Plaintiffs' property foreclose them from recovering the full extent of the damages identified in their complaint. In support of their motion for remand, Plaintiffs observe that any possible recovery under the policy would be limited to the coverage afforded under the policy itself. The relevant coverage limits, in turn, are $60,000 for the building and $6,000 in lost rent, for a total of $66,000.[2] While Defendant correctly notes that Plaintiffs also seek penalty interest under the MUTPA, this statute imposes interest at the rate of "12% per annum." Mich. Comp. Laws § 500.2006(4). Using the formula Defendant advocates in its response to Plaintiffs' motion, if this case were to remain pending for a full year and Plaintiffs were to receive 12 percent interest under the MUTPA, this award of interest (12 percent of $66,000, or $7,920) plus the underlying recovery under the policy ($66,000) would total only $73,920.00, less than the jurisdictional threshold of $75,000.

---

[2] Although the policy includes an additional $6,000 in coverage for damage to other structures, Plaintiffs state without contradiction that no such damage was sustained in this case, nor are they seeking to recover for damage to structures other than the main dwelling.

4

Defendant's only response on this point is that since Plaintiffs' complaint includes requests for damages over and above the policy limits, in addition to penalty interest under the MUTPA, the amount in controversy requirement is satisfied by virtue of Plaintiffs' own allegations.  Yet, as explained earlier, the Court may not credit allegations of damages that were "never recoverable in the first instance." *Charvat,* 561 F.3d at 628.  In this case, the policy under which Plaintiffs seek to recover defeats their claim for damages in excess of the policy limits.  Consequently, despite the allegations of Plaintiffs' complaint, the Court agrees with Plaintiffs that the requisite $75,000 amount in controversy for diversity jurisdiction has not been established, and that a remand is warranted.[3]

## IV.  CONCLUSION

For the reasons set forth above,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiffs' December 28, 2010 motion for remand (docket #4) is GRANTED.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  February 25, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 25, 2011, by electronic and/or ordinary mail.

s/Ruth A. Gunther
Case Manager

---

[3] In its response to Plaintiffs' motion, Defendant suggests that if Plaintiffs' motion is granted, then the Court should enter an order limiting Plaintiffs' recovery to the policy limit of $66,000.  Yet, by virtue of granting Plaintiffs' motion, the Court has determined that it lacks subject matter jurisdiction over this case.  It follows that the Court lacks the power to enter any orders that might purport to control this case as it proceeds in state court.